UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHANNON NICKENS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:21-cv-00449-NAD |
| MARK MOON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER
## <u>GRANTING DEFENDANT'S MOTION TO DISMISS</u>

On August 15, 2022, Defendant Christopher Branham filed a "Renewed Motion To Dismiss Due To Lack Of Prosecution, Delay And Failure To Comply With Discovery Rules And This Court's Orders." Doc. 52; *see also* Doc. 51 (motion to dismiss filed August 10, 2022).

The deadline for Plaintiff Shannon Nickens to respond to Defendant Branham's motion to dismiss was August 29, 2022. Doc. 20 at 6 (initial order). That deadline passed without any opposition or other response from Plaintiff Nickens.

Consequently, on September 2, 2022, the court ordered Nickens to show cause as to why Branham's motion should not be granted, and why this action should not be dismissed without prejudice. Doc. 53.

The deadline for Nickens to respond to that order to show cause was

1

September 14, 2022. Doc. 53 at 1. That deadline also passed without any opposition or other response from Nickens.

On September 21, 2022, Branham filed a reply to the order to show cause, again requesting that the court grant his motion to dismiss, and dismiss this action without prejudice. Doc. 54.

Previously, on July 14, 2022 (and after a telephone status conference with counsel for Nickens and Branham, *see* Minute Entry Entered: July 14, 2022), the court granted Nickens' "Motion To Continue And/Or Stay" based on the argument that Nickens, "who has a history of drug addiction, ha[d] relapsed." Doc. 47 at 1; *see* Doc. 49 (order).

Branham's motion to dismiss followed from a "Joint Status Report" that counsel for Nickens and Branham filed on August 5, 2022. Doc. 50. That joint status report stated as follows: "Plaintiff's counsel has continued substantial efforts to locate Plaintiff [Nickens] in order to provide responses to Defendant's outstanding discovery requests, and so that he can make Plaintiff available for a deposition in this case. Despite his efforts, Plaintiff's counsel has not been successful in locating the Plaintiff. The discovery to Plaintiff, and Defendant's request to depose the Plaintiff remain outstanding. . . . Defendant intends to file a Motion to Dismiss Plaintiff's claims in this case due to Plaintiff's failure to prosecute the case, or respond to outstanding discovery." Doc. 50 at 1.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with the[] rules or a court order, a defendant may move to dismiss the action." *Id.* In addition, a federal district court has the "inherent power" to dismiss a case for failure to prosecute. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631–32 (1962); Fed. R. Civ. P. 41(b).

Branham's motion to dismiss includes a detailed explanation of Nickens' failure to respond to discovery requests and to prosecute this action. Doc. 52 at 1–4.

Accordingly, for good cause shown, the court **GRANTS** Defendant Branham's motion to dismiss (Doc. 52), and **DISMISSES** this action **WITHOUT PREJUDICE**. The court separately will enter final judgment.

**DONE** and **ORDERED** this October 4, 2022.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE